# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEJANDRO BALDERRAMA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-925

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alejandro Balderrama challenges the 168-month sentence imposed following his guilty-plea conviction of conspiring to import more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 952, 960, and 963. He contends his attorney provided inadequate assistance at sentencing by failing to: object to the two-level increase in his offense level for recruitment of a minor; ask the court to recommend his placement in the 500-hour drug and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50523

alcohol program; and object to the inclusion of certain relevant conduct in the calculation of his base-offense level.

Generally, our court does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014). "We have undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, a claim qualifies as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).

Because Balderrama did not raise his ineffective-assistance claims in district court during the trial proceedings, the court did not have evidence from trial counsel or make any findings for whether counsel rendered ineffective assistance. Instead, Balderrama raised ineffective-assistance claims in a motion pursuant to 28 U.S.C. § 2255; but, the court dismissed his claims without prejudice, and determined only that he should be permitted to file an out-of-time direct appeal. In short, although Balderrama contends otherwise, the record is not sufficiently developed to allow for fair consideration of these claims. Therefore, we decline to consider them on direct appeal, without prejudice, of course, to Balderrama's right to raise them on collateral review. *See Isgar*, 739 F.3d at 841.

AFFIRMED.